# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                       No. CR 13-3747 WPJ

MICHAEL MONTOYA,

        Defendant.

## ORDER DENYING DEFENDANT'S OBJECTION TO THE PRESENTENCE REPORT AND SENTENCING MEMORANDUM

**THIS MATTER** is before the Court upon Defendant Michael Montoya's Objection to the Presentence Report and Sentencing Memorandum (Doc. 169) filed January 10, 2016. Having reviewed the relevant pleadings and the applicable law, the Court finds that Defendant's objection is not well-taken and, therefore, is OVERRULED.

### BACKGROUND

Defendant Michael Montoya ("Mr. Montoya") pleaded guilty to violations of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1), (b)(1)(A), Conspiracy to Distribute 500 Grams or More of Methamphetamine, and 18 U.S.C. § 1957, Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity. A pre-disposition Presentence Report ("PSR") was disclosed on August 28, 2015, and a revised PSR was disclosed on December 4, 2015. The PSR calculates a Base Offense Level of 38. The PSR then increases the base by two (2) levels pursuant to U.S.S.G. § 2D1.1(b)(1), alleging that Mr. Montoya, as part of the jointly undertaken

criminal activity in this case, is accountable for Co-Defendant and Co-Conspirator Brian

Acuna's ("Mr. Acuna") possession of a firearm that was located in a vehicle in which Mr. Acuna

was the driver and sole occupant.  Mr. Montoya objects to this base level increase.

### DISCUSSION

Mr. Montoya argues that for purposes of the sentencing enhancement under U.S.S.G. §

2D1.1(b)(1), the sentencing court may attribute to a defendant weapons possessed by his co-

defendant if the possession of weapons was known to the defendant or reasonably foreseeable by

him. *See United States v. McFarlane*, 933 F.2d 898, 899 (10th Cir. 1991).  Mr. Montoya argues

that he had no knowledge of Mr. Acuna's possession of a firearm as part of a scheme to

distribute controlled substances. Further, Mr. Acuna told authorities that he owned and possessed

the firearm. Mr. Montoya argues that there is no evidence that he knew that Mr. Acuna possessed

a firearm or could have foreseen that Mr. Acuna would possess a firearm on the March 27, 2012

occasion of his arrest.

The Government counters that the information in the PSR supports the weapon

possession enhancement because Mr. Montoya's experience in the drug trade and the quantity of

illegal narcotics involved are relevant considerations in determining whether possession of a

weapon by a co-defendant is foreseeable. While there is no Tenth Circuit precedent that neatly

fits the facts of this case, the Government points to two relevant Sixth and Seventh Circuit cases

supporting its argument.

In *United States v. Williams*, the Court determined that the presence of firearms in

transactions involving sizeable quantities of drugs is reasonably foreseeable. 31 F.3d 522, 526

(7th Cir. 1994). There, the defendants agreed to purchase 150 pounds of marijuana for $120,000.

While the transaction was in progress, federal agents arrived and arrested the defendants. One of

the defendants had a handgun tucked in his waistband. The other defendants were charged with carrying a handgun during and in relation to a drug trafficking offense on the grounds that an act in furtherance of a conspiracy can be attributed to all conspirators. *See Pinkerton v. United States*, 328 U.S. 640, 647 (1946). The defendants argued that the presence of the firearm was not reasonably foreseeable as a necessary or natural consequence of the agreement, an exception to the rule in *Pinkerton*. *See id.* at 648. The court determined that "[b]ecause the drug industry is, by nature, a violent business, the presence of firearms in transactions involving sizeable quantities of drugs is reasonably foreseeable." *Williams*, 31 F.3d at 526. As the value of the transaction increases, so does the probability of weapons being present. *See id.* Further, prior Seventh Circuit case law found the presence of a weapon at transactions involving $39,000 and $60,000 to also be reasonably foreseeable. *See United States v. Diaz*, 864 F.2d 544, 549 (7th Cir. 1992); *United States v. Gutierrez*, 978 F.2d 1463, 1468 (7th Cir. 1992).

The Sixth Circuit, in *United States v. Wade*, took a similar approach and focused on three main factors: the quantity of drugs involved, the degree of the defendant's involvement in the conspiracy, and the manner in which the co-conspirator carried the firearm. 318 F.3d 698, 702 (6th Cir. 2003). In *Wade*, the quantity of drugs involved was only $1,100, the defendant lacked substantial experience in the drug trade, and the gun was hidden by the co-conspirator on the floor behind the defendant's car seat. *See id.* The court therefore found the evidence insufficient to infer reasonable foreseeability.

Given the lack of relevant Tenth Circuit precedent, the Court finds the reasoning of *Williams* and *Wade* to provide persuasive authority. Here, Mr. Montoya was the leader of what law enforcement authorities referred to as the Montoya Drug Trafficking Organization. He was

responsible for the trafficking of multiple kilogram quantities of methamphetamine (actual)[1] that were transported in vehicles with specialized hidden compartments. PSR ¶¶ 11, 12.  More specifically, Mr. Montoya was responsible for 6.5 kilograms of methamphetamine (actual)[2] and this quantity does not take into account the large sums of cash and other assets derived from illegal drug trafficking activities. PSR ¶ 22.  Mr. Acuna worked under the direction of Mr. Montoya and was a trusted member of the conspiracy. PSR ¶ 23. The gun was found in Mr. Acuna's possession when he was arrested transporting methamphetamine in a hidden compartment of a vehicle in which he was the driver and sole occupant.

In the factual admission part of Mr. Montoya's Plea Agreement (Doc. 149), Mr. Montoya admitted under penalty of perjury that he (i) arranged the trip when Mr. Acuna was arrested on March 27, 2012, (ii) owned the vehicle driven by Mr. Acuna when he was arrested, (iii) knew about the hidden compartment in the vehicle where the methamphetamine was stored and (iv) owned the methamphetamine being transported by Mr. Acuna.

Considering all the above stated uncontested facts, the Court has no difficulty finding that Mr. Acuna's possession of the firearm at the time of his arrest was within the scope of the jointly undertaken activity of the conspiracy, was in furtherance of that activity, and that such possession of the firearm was reasonably foreseeable by Mr. Montoya.  Accordingly, the Court finds that the PSR in paragraph 30 correctly applies a two level increase pursuant to U.S.S.G. § 2D1.1(b)(1) for the above stated reasons.

Mr. Montoya's Objection to the PSR is therefore OVERRULED.

---

[1] The term "methamphetamine (actual)" refers to the weight of the controlled substance, itself, contained in the mixture or substance. *See* U.S.S.G. § 2D1.1(c)(B).
[2] According to the Drug Quantity Table of U.S.S.G. § 2D1.1(c), 4.5 kilograms or more of methamphetamine (actual) results in a starting base offense level of 38, the highest starting base offense level in the Sentencing Guidelines for drug offenses.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE