IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 5:13-cr-03747-002-WJ |
| | ) |
| BRIAN ACUNA, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE TO DEFENDANT'S**
**SENTENCING MEMORANDUM (Doc. 260)**

The United States submits the following response to defendant Brian Acuna's Sentencing Memorandum (Doc. 260) and his Supplement to Sentencing Memorandum (Doc. 263). The maximum statory penalty is 5 years imprisonment, 5 years supervised release. The revocation range of imprisonment is 27-33 months. The defendant requests that the Court impose a sentence of time served and require him to continue supervision under the direction of the United States Probation Office. *See* Doc. 260. The United States opposes the defendant's request and supports Probation's recommendation that the defendant be sentenced to 27 months custody with 18 months of supervised release to follow.

**BACKGROUND**

Defendant began Supervised Release on June 20, 2018 after serving 60 months in BOP following his plea to 1) Conspiracy to Distribute 500 Grams and More of Methamphetamine, and 2) Using, Carrying, and Possessing a Firearm During and in Relation to and in Furtherance of a Drug Trafficking Crime. *See* Amended Petition for Revocation of Supervised Release, Doc. 245.

A Report on Defendant under Supervision was filed on July 19, 2018 due to the defendant testing positive for Buprenorphine. The defendant admitted suboxone use and was referred to a New Awakening for substance abuse assessment, but no Court action was recommended or taken. *Id.* Another Report on Defendant under Supervision was filed on October 16. 2018 due to the defendant being summoned on new misdemeanor Larceny charges, but no Court action was recommended or taken. *Id.*

On October 29, 2019, Probation filed the Amended Petition for Revocation of Supervised Release at issue in this case. Doc. 245.  There are five violations at issue[1], 1) knowingly leaving the District of New Mexico without permission from the United States Probation Office, 2) failure to notify his probation officer within 72 hours of arrest, 3) commission of another federal, state, or local crime, 4) unlawful possession of a controlled substance, and 5) unlawful use of a controlled substance.  *Id.*  The violations arise out of an incident on October 16, 2019 in El Paso, Texas, where the El Paso Narcotics Unit, in order to follow up on intel received, conducted a traffic stop an Uber/Lyft vehicle containing the defendant and two other individuals.  *See* Amended Violation Report, Doc. 249.  Officers found that the occupants of the vehicle, including the defendant, were in possession of drug paraphernalia, fake money paper, a digital scale, a .45 Caliber handgun, firearm magazine with 10 .45 caliber rounds, a box of Sig Sauer Elite Performance Ammo, 20 Hollow Point .45 caliber rounds, empty Ziploc bags, 14 used syringes, methamphetamine, and THC. *Id.*  Officer found baggies containing 11.8 grams of methamphetamines on the defendant's person, along with THC vape cartridges.  *Id.*  Defendant admitted to the officers that he had used methamphetamines the night before.  *Id.* Defendant also

---

[1] A sixth violation listed in the petition, to wit: possessing a firearm, was dismissed by probation at the Preliminary Hearing/Detention Hearing for this case and thus will not be further addressed in this pleading.

gave the officers a fake name and date of birth, requiring them to take extra steps in order to establish a positive identification. *Id.*

Defendant has now returned to New Mexico to address these violations of his Supervised Release.

**ARGUMENT**

Defendant's arguments center around two concepts: 1) that because he served time for his new crime in Texas he should not serve time for his violation of supervised release, and 2) treatment for the defendant's substance use disorder should be a priority when addressing this violation. As to the first point, it is well settled that supervised release is part of the penalty for the initial offense. *United States v. Cordova*, 261 F.3d 1184 (10th Cir. 2006*), Johnson v. United States*, 529 U.S. 694 (2000). Further, the Introductory Commentary of the United States Sentencing Guidelines § 7B states, "It is the policy of the Commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation." As such, the penalty for his new crime should not count toward his penalty for violating his supervised release in this case.

As to the second point, the United States agrees that the defendant's substance use disorder does need to be treated. However, the United States cannot overlook that the violations alleged indicate problems greater than just substance use. When the defendant first tested positive for suboxone while on Supervised Release on July 19, 2018, his supervision was not revoked and probation was willing to work with him to address his addiction. Since then, another report was filed on October 16, 2018 following the defendant's involvement in a misdemeanor larceny charge, and now we are addressing violations having to do with several new felonies committed on October 29, 2019. The United States is concerned about the danger

this defendant poses to the community while he is released, as evidenced by this escalating pattern of new crimes. The United States is particularly concerned about the facts of this case that indicate the defendant's potential involvement in a larger investigation by El Paso Narcotics Unit, the presence of a firearm and fake money paper in the vehicle with the defendant, and the defendant's choice to provide a false name to the officers at the scene. Although the defendant does need treatment for his substance use disorder, the United States believes that this treatment should come during or after his imprisonment for this violation of Supervised Release.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court conclude that a sentence of 27 months in custody, the low end of the guideline range for these violations, is appropriate in this case and that no variance from the advisory guideline sentencing range is warranted.

Respectfully submitted,

ALEXANDER UBALLEZ
United States Attorney

_____/s/_____

Rachel Eagle
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 206-4180

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court
using the CM/ECF system which will send
notification to defense counsel and probation.

  *Filed Electronically December 8, 2023*
RACHEL EAGLE
Assistant United States Attorney